**O**

# United States District Court
# Central District of California

IT'S MY SEAT, INC, et al.,

          Plaintiffs,

   v.

HARTFORD CAPITAL, LLC, et al.,

          Defendants.

Case № 2:22-cv-02192-ODW (AFMx)

**ORDER DENYING MOTION TO STAY [11]; AND**
**ORDER TO SHOW CAUSE RE: CONSOLIDATION**

## I.    INTRODUCTION

Plaintiffs It's My Seat, Inc. and Vahe Shahinian brought this suit against Defendants Hartford Capital, LLC; EIN Cap, Inc.; Russell Naftali; Kevin Woodley; and Gene Slavin, alleging that in 2019, Defendants fraudulently induced Plaintiffs into taking out a high-interest loan.  (Notice of Removal ("NOR") Ex. 1 ("Compl.") ¶ 37, ECF No. 1.)  Plaintiffs are also pursuing a concurrent action in this Court, *It's My Seat, Inc. v. Hartford Capital, LLC*, No. 2:20-cv-06378-ODW (AFMx) (C.D. Cal. filed July 17, 2020) (hereinafter, "*It's My Seat I*").  *It's My Seat I* arises from the same transaction and currently involves only one defendant, Bryan Stein, whom Plaintiffs allege is a managing partner of Hartford.  (Compl. ¶ 26); NOR Ex. 1 ¶ 26, *It's My Seat I*, ECF No. 1 (identical allegation).

Defendant EIN now moves to stay this case pending the resolution of *It's My Seat I*, a motion which Plaintiffs do not oppose but which Defendant Hartford does. (*See generally* Mot. Stay ("Motion" or "Mot."), ECF No. 11; Opp'n, ECF No. 12.) The Motion is fully briefed. (Reply, ECF No. 13.) For the reasons discussed below, the Court **DENIES** EIN's Motion and **ORDERS** all parties **TO SHOW CAUSE** why the Court should not consolidate this case with *It's My Seat I* under Federal Rule of Civil Procedure ("Rule") 42(a).[1]

## II.      BACKGROUND

It's My Seat is a ticket sales agency that Shahinian owns. (Compl. ¶ 22.) Plaintiffs produce and promote various events that exclusively make use of their own ticketing system, a business model that requires Plaintiffs to pay for required services upfront. (*Id.*) Plaintiffs allege that Hartford and EIN are New York companies that are alter egos of Naftali, Woodley, Slavin, and non-party Craig Walters.[2] (*Id.* ¶ 16.)

Plaintiffs allege that Hartford approached them in January 2019, offering a $750,000.00 line of credit (the "Term Loan") at an interest rate of 8.89%, with the condition that Plaintiffs first take a $250,000 loan (the "Bridge Loan") for thirty days. (*Id.* ¶¶ 23, 26.) Plaintiffs understood that EIN would fund the Bridge Loan at an interest rate of 15%, to be paid on the initial principle, and Hartford would roll the Bridge Loan over to the Term Loan before Plaintiffs had to pay the higher interest rate. (*Id.* ¶ 26.) According to Plaintiffs, Defendants conspired to force Plaintiffs to take this Bridge Loan while Defendants had no intention of transitioning it into a Term Loan. (*Id.* ¶¶ 37–38.) Specifically, Plaintiffs allege that Hartford intentionally stalled on transitioning the Bridge Loan to the Term Loan in the hopes of forcing Plaintiffs to violate the loan agreement. (*Id.* ¶ 38.)

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

[2] In the initial complaint for *It's My Seat I*, Plaintiffs alleged that Hartford is also an alter ego for Stein and Craig Leszczak, both nonparties in this action. NOR Ex. 1 ¶ 19, *It's My Seat I*. Although Plaintiffs do not identify them in the Complaint in this action as alter egos, their names appear throughout the Complaint. (*See generally* Compl.)

*A.    It's My Seat I*

On October 28, 2019, Plaintiffs sued Defendants and three other individuals (Stein, Walters, and Leszczak) in *It's My Seat I*, alleging promissory estoppel, fraud, intentional misrepresentation, negligent representation, and breach of contract. (*See* Mot. 3–5.) After the defendants in that action removed the case to this Court, on November 30, 2020, the Court dismissed all the defendants except Stein, without prejudice, based on Plaintiffs' failure to timely serve the summons and complaint. (*Id.* at 3.) The Court then set November 15, 2021, as the deadline for joining additional parties in *It's My Seat I*. Scheduling & Case Management Order 21, *It's My Seat I*, ECF No. 32. The deadline passed without action from Plaintiffs. (Mot. 4.) On March 18, 2022, the Court granted the parties' stipulation to continue the trial, with the condition that "[n]o deadlines already expired under the original [Scheduling Order] shall be reopened or extended, including . . . the 11-15-2021 deadline to hear any Motion to Amend Pleadings or Add Parties." Order Granting Stip. Continue Trial 3, *It's My Seat I*, ECF No. 46. Thus, in *It's My Seat I*, Plaintiffs' claims proceed against only Stein, with a court trial set for February 17, 2023. (Mot. 4.)

**B.    This Action**

On March 4, 2022, unbeknownst to Stein and Defendants, Plaintiffs initiated the instant action in Los Angeles Superior Court. (*See* Compl.) Plaintiffs excluded Stein, Walters, and Leszczak from the list of named defendants, and replaced the breach of contract claim with a RICO charge. (*See id.*) Otherwise, this action arises out of the same transaction as that in *It's My Seat I* and Plaintiffs allege the same facts and claims against largely the same defendants. (*See id.*) EIN removed and now moves to stay this action pending the resolution of *It's My Seat I*. (*See generally* Mot.)

### III.    LEGAL STANDARD

The power to stay proceedings "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and

effort for itself, for counsel, and for litigants." *Peck v. County of Orange*, 528 F. Supp. 3d 1100, 1105 (C.D. Cal. 2021) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).  The court "may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979).

"The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997) (citing *Landis*, 299 U.S. at 255).  Among the factors courts weigh in deciding whether to stay a pending proceeding are (1) "the possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 255); *see also Peck*, 528 F. Supp. 3d at 1105–06 (observing that this test, which originated with *Landis*, continues to apply to decisions to stay proceedings).

## IV.     DISCUSSION

EIN moves to stay this action on the ground that it will suffer hardship due to multiplicative discovery and the potential for inconsistent pretrial rulings. (Mot. 7.)  It also argues that Plaintiffs will suffer no prejudice and a stay would conserve judicial resources. (*Id.*)  Hartford opposes EIN's Motion and contends a stay would prejudice it, as findings against Stein in *It's My Seat I* could bind Hartford here under preclusion principles. (Opp'n 4–5.)  Hartford also argues that resolution of its motion to dismiss in this action would save judicial resources more effectively than a stay. (*Id.* at 5.)  Finally, Hartford argues that a stay will delay proceedings and make it more difficult to conduct discovery, depose witnesses, and gather evidence. (*Id.*)

### A.    Hardship or Inequity to EIN Absent a Stay

EIN cites only two burdens it will suffer absent a stay: multiplicative discovery and potentially inconsistent pretrial rulings.  (Mot. 7.)  EIN fails to explain, and the Court cannot see, how EIN would be burdened by multiplicative discovery and inconsistent pretrial rulings when EIN is no longer a party to the related case.  EIN is not required to conduct discovery in *It's My Seat I*, nor is EIN bound by pretrial rulings in that case.  Indeed, EIN identifies no instance where "multiplicative discovery" or "inconsistent trial rulings" sufficiently burdened a movant to warrant a stay, where the movant was not a party to the related case.

EIN also flatly states that "[e]quity dictates a stay in this action."  (*Id.*)  However, in support of this claim, EIN merely describes the procedural postures of *It's My Seat I* and this action, and then concludes: "Clearly by the acts of the Plaintiffs, they want to try the case with Stein they try the 2022 Case."  (*Id*. at 7–8.)  The Court finds EIN's statement indecipherable.   To the extent EIN is arguing that it is inequitable to require EIN to litigate this case—which is substantially similar to *It's My Seat I*, from which the Court previously dismissed EIN—such an argument fails. The Court dismissed EIN from *It's My Seat I without* prejudice.  Min. Order at 2, *It's My Seat I*, ECF No. 23.   Thus, that dismissal did not bar Plaintiffs "from returning later, to the same court, with the same underlying claim."  *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001).   Although the propriety of Plaintiffs' actions is questionable given the case schedule in *It's My Seat I* and the parties' stipulation there, case law is clear that requiring EIN to "defend a suit, without more, does not constitute a 'clear case of hardship or inequity.'"  *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005) (quoting *Landis*, 299 U.S. at 255).

As EIN fails to make out a clear case of hardship or inequity, the Court **DENIES** EIN's Motion to Stay.  *See Landis*, 299 U.S. at 255 ("[T]he suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward . . . ."); *see, e.g.*, *Montez v. Chase Home Fin. LLC*, No. 11-CV-530 JLS

1  (WMC), 2011 WL 2729445, at *1–2 (S.D. Cal. July 13, 2011) (denying a motion to
2  stay because the movant failed to make out a clear case of hardship in being required
3  to proceed with the litigation).

4         In light of the foregoing, the Court need not consider the remaining *Landis*
5  factors to determine that a stay of this action is not warranted.  However, significant
6  judicial economy concerns regarding this case's relationship to *It's My Seat I* require
7  further discussion.

8  **B.   Judicial Economy**

9         EIN argues that a stay "would conserve judicial resources by preventing the
10  Court from doing any work that would ultimately be unnecessary" if Stein is found
11  not liable.  (Mot. 7.)  However, EIN does not cite to any authority, or otherwise
12  explain how Stein's liability (or lack thereof) affects Defendants' liability in this
13  action.  The Court will neither construct arguments for parties, nor will it "address
14  perfunctory and undeveloped arguments."  *Khademi v. S. Orange Cnty. Cmty. Coll.*
15  *Dist.*, 194 F. Supp. 2d 1011, 1027 (C.D. Cal 2002) (quoting *Williams v. Eastside*
16  *Lumberyard & Supply Co.*, 190 F. Supp. 2d 1104, 1114 (S.D. Ill. 2001)).

17        Hartford has moved to dismiss the claims asserted against it in this action and
18  argues that resolving that motion would save judicial resources more effectively than a
19  stay.  (*See* Opp'n 5; Mot. Dismiss, ECF No. 18.)  According to Hartford, this would
20  "[trim] down the complaint, [weed] out time-barred claims, . . . dismiss claimants
21  lacking standing and, in general, . . . pare down the pleadings and scope of this
22  action."  (*Id.*)  This argument is unavailing.  Whether the Court resolves Hartford's
23  motion to dismiss now or later does not change the calculus of judicial economy one
24  whit.

25        Thus, the Court is not persuaded that a stay will impact judicial economy at all.

26
27
28

**C.    Consolidation**

Rather than stay this action—which would leave Hartford's preclusion concerns unsolved, delay resolution, and duplicate resources expended—the Court finds the present circumstances ripe for consolidation.

A district court may consolidate common questions of law or fact.  Fed. R. Civ. P. 42(a)(2); *see Invs. Rsch. Co. v. U.S. Dist. Ct. for the Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989).  The court's power to consolidate is broad, and controls even over a party's objection.  *See In re Air Crash Disaster at Fla. Everglades on Dec. 29, 1972*, 549 F.2d 1006, 1013 (5th Cir. 1977) (citing *Mut. Life Ins. Co. of N.Y. v. Hillmon*, 145 U.S. 285, 293 (1892)).  Here, *It's My Seat I* and this case involve identical facts, substantially identical parties, and arise out of the same transaction.  (*See* Mot. 4–6). Consolidating the cases would relieve parties of the burden of litigating twice, and would also render Hartford's nonparty preclusion concerns moot, as Hartford and Stein would once-again be co-defendants.  Indeed, but for Plaintiffs' failure to timely complete service or move to add parties there, Defendants would still be parties to *It's My Seat I*.

Judicial economy factors also support consolidation.  The facts underlying both cases are identical, meaning the relevant witnesses and evidence will also be largely identical.  The claims in both actions are substantially the same, save a separate breach of contract claim in *It's My Seat I* and a separate RICO claim here, meaning the law in both cases is also largely the same.  Absent consolidation, Plaintiffs will essentially try the same case twice against different defendants.

Consolidating *It's My Seat I* and this action would allow the Court to address Plaintiffs' claims against all named Defendants with a unified presentation of evidence and application of law.   Consolidation would also allow the Court to address Plaintiffs' strategic procedural conduct in bringing two substantively identical suits, despite an agreement not to add parties to the original suit, and will permit all the defendants, in this case and in *It's My Seat I*, the opportunity to respond to that issue.

Accordingly, the Court **ORDERS** the parties to **SHOW CAUSE** why the Court should not consolidate this case with *It's My Seat I* under Rule 42(a)(2), and the consolidated actions proceed under the current case schedule in *It's My Seat I*.

## V.    CONCLUSION

For the reasons discussed above, the Court **DENIES** EIN's Motion to Stay, (ECF No. 11), and **ORDERS** all parties to **SHOW CAUSE** why the Court should not consolidate this case with *It's My Seat I*, as discussed above.  The parties must submit their responses by no later than **seven (7) days from the date of this Order**.

**IT IS SO ORDERED.**

July 1, 2022

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**