1  S.  YOUNG LIM (SBN 126679)
   ylim@parkandlim.com
2  JESSIE Y. KIM (SBN 289173)
   jessie@parkandlim.com
3  PARK & LIM
   3530 Wilshire Blvd., Suite 1300
4  Los Angeles, CA 90010
   Tel: (213) 386-5595
5  Fax: (213) 384-7110

6  Attorneys for Defendants Kevin Woodley,
   EIN Cap, Inc., Russell Naftali and Gene
7  Slavin

8

9              **UNITED STATES DISTRICT COURT**

10            **CENTRAL DISTRICT OF CALIFORNIA**

11

12  IT'S MY SEAT, INC, a California          **CASE NO.: 2:22-cv-02192-ODW-AFM**
    corporation; VAHE SHAHINIAN, an          **[Assigned to Hon. Otis D. Wright, II]**
13  individual
                                             **Related case:**
14              Plaintiffs,                  **Case No. 2:20-cv-06378-ODW-AFM**

15
                                             **DEFENDANTS EIN CAP, INC.,**
16  vs.                                      **RUSSELL NAFTALI AND GENE**
                                             **SLAVIN'S EX PARTE APPLICATION**
17  HARTFORD CAPITAL LLC, a                  **TO MODIFY SCHEDULING ORDER**
    Limited Liability Company; KEVIN         **AND CONTINUE THE TRIAL AND**
18  WOODLEY, an individual; EIN              **PRETRIAL DATES; DECLARATION**
    CAP, INC., a New York Corporation;       **OF S. YOUNG LIM; MEMORANDUM**
19  RUSSELL NAFTALI, an individual;          **OF POINTS AND AUTHORITIES.**
20  GENE SLAVIN, an individual; and
    DOES 1 through 100, inclusive,
21
22              Defendants.
23
24                                           Pretrial Conf. Date: 5/21/25
                                             Trial Date: 6/10/25
25
26
27
28

**PLEASE TAKE NOTICE** that Defendants EIN Cap, Inc., Russell Naftali and Gene Slavin hereby apply ex parte for an order modifying the Scheduling Order, entered on July 5, 2024, in this case, and continuing the pretrial and trial dates such that the schedule dates would be as follows:

| Pretrial or Trial Event | Deadline |
|---|---|
| Deadline to Conduct Settlement Conference | 4/4/25 |
| Deadline for Hearing MSJ and Discovery Motions | 5/30/25 |
| Deadline to file Pre-Trial Documents | 7/16/25* |
| Deadline to File Motions in Limine ("MIL") | 7/18/25* |
| Final Pretrial Conference | 7/23/25* |
| Deadline to file Oppositions to MIL | 7/25/25* |
| Hearing on MIL | 8/6/25* |
| Deadline to File Final Trial Exhibit Stipulation | 8/8/25* |
| Trial | 8/12/25* |

*Or such other dates as may be convenient to the Court's calendar.

Good cause exists for the extensions of time as to the deadline for hearing motions for summary judgment and discovery motions because moving Defendants just received the transcript of the deposition of Plaintiff Vahe Shahinian on March 4, 2025, and need time to review the transcript to determine if there is testimony therein which needs to be cited or addressed in the moving papers and to insert those references in the summary judgment papers. It is Defendants' counsel's understanding that Plaintiffs also desire to bring a motion for summary judgment and/or summary adjudication. Further, Plaintiffs' counsel has indicated an intent to bring a discovery motion, if possible. The parties were not able to complete discovery earlier because of scheduling difficulties, resulting from serious health problems of Defendants' lead counsel, and other counsel in Defendants' counsel's office. The present motion completion date of March 31, 2025, does not allow for the giving of the requisite 35-day notice of motion. Moving Defendants have

largely completed a draft motion for summary judgment papers but must still

review the Vahe deposition transcript and add any necessary citations thereto,

and/or addressing any issues raised thereby, and finalize and complete the

documents.

The deadlines and dates sought to be extended were extended previously, by

stipulation of the parties through counsel, on July 5, 2024, and at that time the dates

were extended by about six months.

Counsel for Plaintiffs has agreed to the extension of the date for filing of

summary judgment and discovery motions and for the deadline to conduct a

settlement conference, but Plaintiffs' counsel has indicated he is not willing to

stipulate thereto if it requires a continuance of trial and related dates.

Pursuant to the Court's stated procedures and court rules, unless otherwise

ordered, there will be no oral hearing on this application.  ANY OPPOSITION

THERETO MUST BE FILED WITHIN 24 HOURS AFTER THE FILING OF

THIS APPLICATION.

A copy of the Proposed Order requested on this Application is filed herewith.

This application is based upon the declaration of S. Young Lim, the

Memorandum of Authorities filed herewith, and the papers and records on file in

this action.

Dated: March 17, 2025                              **PARK & LIM**

By:     /s/ S. Young Lim
        S. YOUNG LIM
        JESSIE Y. KIM
        Attorneys for Defendants EIN Cap, Inc.,
        Russell Naftali, and Gene Slavin

# TABLE OF CONTENTS

Page:

**DECLARATION OF S. YOUNG LIM IN SUPPORT OF APPLICATION FOR MODIFICATION OF SCHEDULING ORDER AND CONTINUANCE OF PRETRIAL DATES**     **5**

**MEMORANDUM OF POINTS AND AUTHORITIES**

**THE COURT HAS AUTHORITY TO MODIFY THE SCHEDULING ORDER AS REQUESTED BY MOVING DEFENDANTS.**     **10**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**DECLARATION OF S. YOUNG LIM IN SUPPORT OF APPLICATION
FOR MODIFICATION OF SCHEDULING ORDER AND CONTINUANCE
OF TRIAL AND PRETRIAL DATES**

I, S. Young Lim, declare:

1.      I am an attorney licensed to practice in all of the courts of the State of California, and a member of the bar of United States District Court for the Central District of California.  I am a partner of Park & Lim, attorneys of record for Defendants EIN Cap, Inc., Russell Naftali and Gene Slavin (hereinafter, "Moving Defendants").  As such, I have personal knowledge of the matters stated herein.

**Relief Requested**.

2.      This Application is made on behalf of Moving Defendants, who request by this application that the current Scheduling Order be modified such that the deadlines and trial dates would be as follows:

| Pretrial or Trial Event | Deadline |
|---|---|
| Deadline to Conduct Settlement Conference | 4/4/25 |
| Deadline for Hearing MSJ and Discovery Motions | 5/30/25 |
| Deadline to file Pre-Trial Documents | 7/16/25* |
| Deadline to File Motions in Limine ("MIL") | 7/18/25* |
| Final Pretrial Conference | 7/23/25* |
| Deadline to file Oppositions to MIL | 7/25/25* |
| Hearing on MIL | 8/6/25* |
| Deadline to File Final Trial Exhibit Stipulation | 8/8/25* |
| Trial | 8/12/25* |

*Or such other dates as may be convenient to the Court's calendar.

**Prior Extensions, Present Schedule.**

3.      The trial date, pretrial, discovery cut-off, and motion hearing cut-off and other dates and deadlines were originally set in the Court's Scheduling and Case Management Order, filed on November 14, 2023 (Document No. 72).

Subsequently, upon stipulation of the parties, all of the dates were put forward by about six months, pursuant to the Court's Order, filed on July 5, 2024 (Document No.99), the following schedule was adopted, which is the current schedule which this application seeks to modify:

| Pretrial or Trial Event | Deadline |
| --- | --- |
| Deadline to Conduct Settlement Conference | 3/21/25 |
| Deadline for Hearing Motions | 3/31/25 |
| Deadline to file Pre-Trial Documents | 5/14/25 |
| Deadline to File Motions in Limine ("MIL") | 5/16/25 |
| Final Pretrial Conference | 5/21/25 |
| Deadline to file Oppositions to MIL | 5/23/25 |
| Hearing on MIL | 6/4/25 |
| Deadline to File Final Trial Exhibit Stipulation | 6/6/25 |
| Trial | 6/10/25 |

**Grounds For Relief**.

4.     At the present time, our office, as Moving Defendants' counsel, has prepared a draft Motion for Summary Judgment, which is largely complete. In particular the present draft requires the addition of references to the Deposition Transcript of Plaintiff Vahe Shahinian. That deposition was taken on February 7, 2025 but the transcript was not received by Moving Defendants' counsel's office until March 4, 2025, when a PDF was received via email.

5.     Moving Defendants' counsel needs to complete review of the Vahe Deposition transcript so as to add any appropriate citations thereto, to the evidence in support of the Summary Judgment Motion, and address any issues that might need to be addressed.  Thereafter the motion will need to be finalized and readied for filing.

6.     While the Motion for Summary Judgment is close to ready to file, there is insufficient time to complete and file the motion to be heard on the requisite

35-day notice, required by the Court's procedures, with the present March 31, 2025 deadline for hearing it.

7.    I have also been advised that Plaintiffs' counsel also intends, time permitting, to file a motion for summary judgment or adjudication.  Further, it is my understanding that Plaintiffs' counsel, might, time permitting, want to file a discovery motion.

8.    While the parties to this action have endeavored to cooperate and expedite the scheduling of depositions, it has been difficult to schedule depositions as quickly and expeditiously as counsel would have desired. In part, this was the result of serious health issues of mine. During the last eight months, I was recovering from very serious health conditions which prevented me, until recently, from taking, or attending depositions.  Now that I have recovered, I have four jury trials this month since all the trials were continued due to my health. Another trial attorney in our office, Dennis McPhillips, was on leave for health reasons for four months, and then retired. He has not been replaced.  Further, a long-time legal secretary in our office, was absent for health reasons, for approximately 9 months, and then was forced to leave due to her health conditions, and has not been replaced. By reason of the difficulties in scheduling of depositions, discovery could not be completed in time to complete preparation of Defendants' Summary Judgment Motion sufficiently in advance of the Summary Judgment motion cutoff so as to permit timely notice of the motion. Since Plaintiffs also want to file a Summary Judgment motion, a shortened time for the hearing on our Summary Judgment motion will not be fair.

9.    If Moving Defendants' Summary Judgment Motion is granted it will greatly simplify the issues at trial by completely eliminating any issues concerning the liability of Moving Defendants. I have reviewed the draft summary judgment papers and believe there is a substantial basis for bringing the motion in question and that there is a substantial probability of the motion's success.

1    **Meet and Confer, Prior Stipulations, Plaintiffs' Position on the Application**.

2        10.    On or about March 7, 2025, after failing to reach him by telephone, I

3    contacted Plaintiffs' counsel, Shane Heskin, by email about Defendants' intent to

4    bring an ex parte application to extend the cutoff date for having motions heard.  By

5    responsive email, he indicated that Plaintiffs would stipulate to a 30-day extension

6    of the motion cut-off date.

7        11.    As a result of that agreement, the parties entered into the Stipulation,

8    filed on March 11, 2025 (Document No 102) pursuant to which it was stipulated

9    that the deadline for hearing summary judgment motions would be extended to

10    April 31(sic), 2025.

11        12.    In the meantime, Jessie Kim of our office was in further

12    communication with Shane Heskin of Plaintiffs' counsel's office since I was in the

13    midst of a jury trial in Ventura.  As a result of those communications, the parties

14    entered into a further Stipulation to Modify Scheduling Order on March 13, 2025.

15    That Order extended the cutoff for hearing motions for summary judgment and

16    discovery motions to May 30, 2025, and made other adjustments to the pretrial

17    schedule, but did not continue the trial date or pretrial dates, as Plaintiffs were

18    unwilling to agree to continuing the trial date. A true copy of said Stipulation is

19    attached hereto as Exhibit "A."

20        13.    Before the March 13, 2025, Stipulation was filed, the Court's March

21    13, 2025, Order was issued denying the Stipulation, *inter alia*, indicating with

22    respect to the extension of the motion cutoff date, that "such an extension would

23    require a continuance of pretrial and trial dates." Inasmuch as the March 13, 2025

24    Stipulation, does not provide for continuance of pretrial and trial dates, it was not

25    filed.

26        14.    After, issuance of the Court's March 13, 2025 Order, Plaintiffs'

27    counsel remain unwilling to Stipulate to any continuance of the trial.  Thus, this

28    application is necessary.

1         I declare under penalty of perjury, under the laws of the United States of

2    America, that the foregoing is true and correct, and that this declaration was

3    executed on March 17, 2025, at Ventura, California.

4                                              /S/ S. Young Lim

5                                              S. Young Lim

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

### THE COURT HAS AUTHORITY TO MODIFY THE SCHEDULING ORDER AS REQUESTED BY MOVING DEFENDANTS.

Pursuant to Federal Rules of Civil Procedure, Rule 6(b)(1):

"In General. When an act may or must be done within a specified time, the court may, for good cause, extend the time:

(A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or

(B) on motion made after the time has expired if the party failed to act because of excusable neglect."

Further, the Court has inherent authority to control its own docket. See Thompson v. Housing Authority of Los Angeles (9th Cir.1986) 82 F.2d. 829,831["District courts have inherent power to control their dockets."]; Goodyear Tire & Rubber Company v. Haeger (2017) 501 U.S. 101, 107["Federal courts possess certain "inherent powers," not conferred by rule or statute, 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'"]

Accordingly, the Court has discretion to grant the modification of schedule and continuances requested herein.

Dated: March 17, 2025                    **PARK & LIM**

                    By:    /S/ Young Lim
                           S.  YOUNG LIM
                           JESSIE Y. KIM
                           Attorney for Defendants Kevin
                           Woodley, EIN Cap, Inc., Russell
                           Naftali and Gene Slavin

# EXHIBIT "A"

1    S.  YOUNG LIM (SBN 126679)
     ylim@parkandlim.com
2    JESSIE Y. KIM (SBN 289173)
     jessie@parkandlim.com
3    PARK & LIM
     3530 Wilshire Blvd., Suite 1300
4    Los Angeles, CA 90010
     Tel: (213) 386-5595
5    Fax: (213) 384-7110

6    Attorneys for Defendants Kevin Woodley,
     EIN Cap, Inc., Russell Naftali and Gene
7    Slavin

8

9                    UNITED STATES DISTRICT COURT

10                   CENTRAL DISTRICT OF CALIFORNIA

11   IT'S MY SEAT, INC, a California          **CASE NO.: 2:22-cv-02192-ODW-AFM**
12   corporation; VAHE SHAHINIAN, an          **[Assigned to Hon. Otis D. Wright, II]**
     individual
13                                            **Related case:**
14                Plaintiffs,                 **Case No. 2:20-cv-06378-ODW-AFM**

15   vs.                                      **STIPULATION TO MODIFY THE**
                                              **SCHEDULING ORDER**
16
     HARTFORD CAPITAL LLC, a                  [PROPOSED ORDER FILED
17   Limited Liability Company; KEVIN         CONCURRENTLY HEREWITH]
     WOODLEY, an individual; EIN
18   CAP, INC., a New York Corporation;
     RUSSELL NAFTALI, an individual;
19   GENE SLAVIN, an individual; and
     DOES 1 through 100, inclusive,
20
21
                  Defendants.
22

23

24

25

26

27

28
                        STIPULATION TO MODIFY SCHEDULING ORDER
                                            1

34701329v.1

Plaintiffs It's My Seat, Inc. and Vahe Shahinian (collectively "Plaintiffs") and Defendants Kevin Woodley, EIN Cap, Inc., Russell Naftali and Gene Slavin (collectively, "Defendants") (collectively, the "Parties"), by and through their counsel of record, hereby stipulate as follows:

## STIPULATION

WHEREAS, on July 5, 2024, this Court issued Modified Scheduling Order [Doc 99] with the following deadlines:

| Pretrial or Trial Event | Deadline |
| --- | --- |
| Deadline to Conduct Settlement Conference | 3/21/25 |
| Deadline for Hearing Motions | 3/31/25 |
| Deadline to file Pre-Trial Documents | 5/14/25 |
| Deadline to File Motions in Limine ("MIL") | 5/16/25 |
| Final Pretrial Conference | 5/21/25 |
| Deadline to file Oppositions to MIL | 5/23/25 |
| Hearing on MIL | 6/4/25 |
| Deadline to File Final Trial Exhibit Stipulation | 6/6/25 |
| Trial | 6/10/25 |

WHEREAS, due to circumstances beyond the Parties' control, Plaintiffs have not yet been able to take Kevin Woodley's deposition;

WHEREAS, on March 11, 2025, Plaintiffs' counsel sent Defendants' counsel a request for a conference pursuant to Local Rule 7-3 in anticipation of Plaintiffs' bringing a discovery sanctions motion for Woodley's failure to appear and issues concerning EIN's deposition;

WHEREAS, on March 12, 2025, Plaintiffs' counsel sent Defendants' counsel a letter and second request for a conference pursuant to Local Rule 37-1 to formally raise the discovery issues outlined above;

WHEREAS, the parties intend on having a conference to resolve the discovery disputes amicably, but if not, to pursue discovery sanctions in accordance with this Court's and the Local Rules;

WHEREAS, as part of those efforts, Defendants have waived the discovery cutoff for Kevin Woodley's deposition, and Plaintiffs are tentatively scheduled to take Kevin Woodley's deposition in early April of 2025;

WHEREAS, the Parties intend to file their respective Motions for Summary Judgment after Kevin Woodley's deposition;

WHEREAS, based on the upcoming deposition of Kevin Woodley, the Parties agree to extend the deadline for hearing motions for a period of 60 days, to May 30, 2025.

WHEREAS, in addition to a 60-day continuance of the deadline to hear motions, the Parties request a 14-day continuance of certain other deadlines;

WHEREAS, the Parties intend that the trial go forward on June 10, 2025;

WHEREAS, there has not been a delay due to any Party, and this request is not made due to any lack of diligence on the part of any Parties;

NOW THEREFORE, THE PARTIES AGREE AND STIPULATE, with leave by the Court, that certain deadlines set forth in this Court's July 5, 2024 Modified Scheduling Order shall be continued for either 14 or 60 days, as set forth above, and modified as follows:

| Pretrial or Trial Event | Deadline |
|---|---|
| Deadline to Conduct Settlement Conference | 4/4/25 |
| Deadline for Hearing MSJ and Discovery Motions | 5/30/25 |
| Deadline to file Pre-Trial Documents | 5/28/25 |
| Deadline to File Motions in Limine ("MIL") | 5/30/25 |
| Final Pretrial Conference | 6/4/25 |
| Deadline to file Oppositions to MIL | 6/6/25 |

| | |
|---|---|
| Hearing on MIL | 6/9/25[1] |
| Deadline to File Final Trial Exhibit Stipulation | 6/5/25[2] |
| Trial | 6/10/25[3] |

IT IS SO STIPULATED.


Dated: March 13, 2025                    **PARK & LIM**

                              By:    /s/ S. Young Lim
                                   S.  YOUNG LIM
                                   JESSIE Y. KIM
                                   Attorney for Defendants EIN Cap, Inc.,
                                   Kevin Woodley, Russell Naftali and
                                   Gene Slavin


Dated: March 13, 2025                    **WHITE & WILLIAMS LLP**

                              By:    /s/ Shane Heskin
                                   SHANE HESKIN
                                   Attorney for Plaintiffs Its My Seat and
                                   Vahe Shahinian


//
//

---

[1] 7-day continuance due to the June 10, 2025 trial date

[2] Continuance is not requested due to the June 10, 2025 trial date.

[3] Continuance is not requested.

STIPULATION TO MODIFY SCHEDULING ORDER
4

34701329v.1

**ATTESTATION OF FILER**

Pursuant to Local Rule 5-4.3.4, the undersigned filer hereby attests that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: March 13, 2025                    **PARK & LIM**

By:    /s/ S. Young Lim_____
S.  YOUNG LIM
Attorney for Defendants EIN Cap, Inc.,
Kevin Woodley, Russell Naftali and
Gene Slavin

34701329v.1

PROOF OF SERVICE

STATE OF CALIFORNIA          )
                             )
COUNTY OF LOS ANGELES        )

     I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen (18) years and am not a party to the within action.  My business address is: 3530 Wilshire Boulevard, Suite 1300, Los Angeles, California 90010.

     On **March 17, 2025**, I served the following document described as:

1.  **DEFENDANTS EIN CAP, INC., RUSSELL NAFTALI AND GENE SLAVIN'S EX PARTE APPLICATION TO MODIFY SCHEDULING ORDER AND CONTINUE THE TRIAL AND PRETRIAL DATES; DECLARATION OF S. YOUNG LIM; MEMORANDUM OF POINTS AND AUTHORITIES;**
2.  **[PROPOSED] ORDER MODIFYING SCHEDULING ORDER AND CONTINUING TRIAL DATE**

on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes, at Los Angeles, addressed as follows:

Attorneys for It's My Seat, Inc.
and Vahe Shahinian
Sareen Bezdikian, Esq.
Raffi Kassabian, Esq.
BEZDIK KASSAB LAW GROUP
301 N. Lake Avenue, Suite 600
Pasadena, CA 91101
Tel: 626-499-6998
Fax: 626-499-6993
Email: sareen@bezdikkassab.com
      raffi@bezdikkassab.com
      arin@bezdikkassab.com

Attorneys for It's My Seat, Inc.
and Vahe Shahinian
Shane R. Heskin, Esq.
WHITE AND WILLIAMS LLP
One Liberty Place, Suite 1800
Philadelphia, PA 19103
Tel: 215-864-6329
Fax: 215-399-9603
Email: heskins@whiteandwilliams.com
      coreya@whiteandwilliams.com

Attorneys for It's My Seat, Inc.
and Vahe Shahinian
Kris Demirjian, Esq.
DEMIRJIAN LAW FIRM
15915 Ventura Boulevard, Suite 301
Encino, CA 91436
Tel: 818-275-0099
Fax: 310-946-0039
Email: kris@kdemlaw.com

PROOF OF SERVICE

1

\_\_\_\_ (BY REGULAR MAIL):  I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail at Los Angeles, California.  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  It is deposited with the U.S. postal service on that same day in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in the affidavit.

\_\_\_\_ (BY PERSONAL SERVICE): I caused the above-referenced document(s) to be personally delivered by hand to the offices of the addressee(s).

\_\_\_\_ (BY OVERNIGHT COURIER):  I caused the above-referenced document(s) to be delivered to Federal Express for delivery to the above address(es).

\_\_\_\_ (BY FACSIMILE MACHINE):  The foregoing document was transmitted to the above-named persons by facsimile transmission from (213)384-7110 on said date and the transmission was reported as complete and without error.

 X  (BY ELECTRONIC MAIL):  The foregoing document was transmitted via e-mail as a .pdf attachment to the above-listed e-mail address(es).

 X  (FEDERAL)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

EXECUTED on **March 17, 2025,** at Los Angeles, California.

_____ /s/ Catherine Kim _____
Catherine Kim

PROOF OF SERVICE